**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

---------------------------------------------------------------X
MARY CONNER, Individually and as the
representative of a class of similarly situated persons,

                                             Case No. 24-cv-

                    Plaintiff,

             - against -

BOEM, INC.,

                    Defendants.
---------------------------------------------------------------X


## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff, Mary Conner ("Plaintiff" or "Conner"), brings this action on behalf of herself and all other persons similarly situated against Boem, Inc. (hereinafter "Boem" or "Defendant"), and states as follows:

2. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision; others have no vision.

3. Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report.

4. Plaintiff brings this civil rights action against Boem for their failure to design, construct, maintain, and operate their website to be fully accessible to and independently usable

1

by Plaintiff and other blind or visually-impaired persons. Defendant is denying blind and visually-impaired persons throughout the United States with equal access to the goods and services Boem provides to their non-disabled customers through http//:www.Shopboem.com (hereinafter "Shopboem.com" or "the website"). Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (the "ADA").

      5. Shopboem.com provides to the public a wide array of the goods, services, price specials, employment opportunities and other programs offered by Boem. Yet, Shopboem.com contains thousands of access barriers that make it difficult if not impossible for blind and visually-impaired customers to use the website. In fact, the access barriers make it impossible for blind and visually-impaired users to even complete a transaction on the website. Thus, Boem excludes the blind and visually-impaired from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind and visually-impaired persons to fully and independently access a variety of services.

      6. The blind have an even greater need than the sighted to Shops and conduct transactions online due to the challenges faced in mobility. The lack of an accessible website means that blind people are excluded from experiencing transacting with defendant's website and from purchasing goods or services from defendant's website.

      7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has chosen

2

to rely on an exclusively visual interface. Boem's sighted customers can independently browse, select, and buy online without the assistance of others. However, blind persons must rely on sighted companions to assist them in accessing and purchasing on Shopboem.com.

8. By failing to make the website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

10. Plaintiff relocated to Charlotte, NC about a few years ago and is eager to explore the City and learn about its Shopping and fashion culture. With summer rapidly approaching, Plaintiff browsed and intended to make an online purchase of the Get Real Tee, the Raelynn Ankle Skirt, and the Jane Bracelet on Shopboem.com. However, unless Defendant remedies the numerous access barriers on its website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use, and complete a transaction on Shopboem.com.

11. Because Defendant's website, Shopboem.com, is not equally accessible to blind and visually-impaired consumers, it violates the ADA. Plaintiff seeks a permanent injunction to cause a change in Boem's policies, practices, and procedures to that Defendant's website will become and remain accessible to blind and visually-impaired consumers. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

3

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181 *et seq*., and 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 133(d)(2).

13. This Court also has supplemental jurisdiction over pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under State Law.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 144(a) because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District.

15. Defendant is registered to do business in the State of North Carolina and has been conducting business in North Carolina, including in this District. Defendant maintains Brick-and-mortar places of accommodation in this District which are subject to personal jurisdiction in this District. Defendant also has been and is committing the acts alleged herein in this District and has been and is violating the rights of consumers in this District and has been and is causing injury to consumers in this District. A substantial part of the act and omissions giving rise to Plaintiff's claims have occurred in this District.

## PARTIES

16. Plaintiff, is and has been at all relevant times a resident of Mecklenburg County, State of North Carolina.

17. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(l)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Plaintiff, Mary Conner, cannot use a computer without the assistance of screen reader software.  Plaintiff, Mary Conner, has been denied the full enjoyment of the facilities, goods and services of Shopboem.com, as well as to the facilities, goods and services of Defendant's brick and mortar locations, as a result of accessibility barriers on Shopboem.com.

18. Defendant, Boem, Inc., is a North Carolina Domestic business corporation with its principal place of business located at 3920 Sharon Road, Charlotte, NC 28211.

19. Defendant owns and operates Boem Shops (hereinafter, "Boem Shops" or "Shops"), which is a place of public accommodation.  Boem maintains a physical Boem Shops in Charlotte.

20. The Boem Shops provides to the public important and enjoyable goods and services such as trendy clothing, jewelry, shoes, and accessories, amongst the many items offered for sale.  Defendant also provides to the public a website known as Shopboem.com which provides consumers with access to an array of goods and services offered to the public by the Boem Shops, including, the ability to learn about the trendy items sold at the Boem Shops and the ability to make online purchases, all with the click of a mouse. The Website also lets the visitor learn about promotions, and learn about Boem and information about the Boem Shops' locations, and times of operation, among other features.  The inaccessibility of Shopboem.com has deterred Plaintiff from making an online purchase of the Get Real Tee, the Raelynn Ankle Skirt, and the Jane Bracelet.

21. Defendant's locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).  Defendant's website is a service, privilege, or

advantage that is heavily integrated with Defendant's physical Boem Shops and operates as a gateway thereto.

## NATURE OF THE CASE

22. The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike.

23. The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

24. For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind user is unable to access the same content available to sighted users.

25. Blind users of Windows operating system-enabled computers and devises have several screen-reading software programs available to them. Job Access With Speech, otherwise known as "JAWS" is currently the most popular, separately purchase and downloaded screen-reading software program available for blind computer users.

26. The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired persons. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are

6

accessible. Many Courts have also established WCAG 2.0 as the standard guideline for accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to: adding invisible alt-text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse, ensuring that image maps are accessible, and adding headings so that blind persons can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader.

## FACTUAL ALLEGATIONS

27. Defendant operates the Boem Shops in North Carolina and provides trendy clothing, accessories, jewelry, shoes, and related products for sale, amongst other products and services.

28. Shopboem.com is a service and benefit offered by Boem in North Carolina and throughout the United States. Shopboem.com is owned, controlled and/or operated by Boem, Inc.

29. Shopboem.com is a commercial website that offers products and services for online sale that are available in the Boem Shops. The online Shops allow the user to browse and learn about the products and services provided at the Boem Shops, including learning about the different types of trendy goods offered for sale, make purchases, and perform a variety of other functions.

30. Among the features offered by Shopboem.com are the following:

(a) learning about Boem Shops information including, allowing persons who wish to visit the Shops to learn its location, hours of operation, and phone numbers;

7

(b) an online Boem Shop, allowing customers to learn about and purchase trendy goods including clothing, accessories, jewelry, shoes, and related products for delivery to their doorstep; and

(c) learning about the company, learning about shipping and return policies, learning about career opportunities, and learning about promotions.

31. This case arises out of Boem's policy and practice of denying the blind access to Shopboem.com, including the goods and services offered by Boem through Shopboem.com. Due to Boem's failure and refusal to remove access barriers to Shopboem.com, blind individuals have been and are being denied equal access to Boem, as well as to the numerous goods, services and benefits offered to the public through Shopboem.com.

32. Boem denies the blind access to goods, services and information made available through Shopboem.com by preventing them from freely navigating Shopboem.com.

33. Shopboem.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen-reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible drop-down menus, the lack of navigation links, the lack of adequate prompting and labeling, the denial of keyboard access, empty links that contain no text, redundant links where adjacent links go to the same URL address, and the requirement that transactions be performed solely with a mouse.

34. Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen-reader can speak the alternative text while sighted users see the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Shopboem.com that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description

8

of the graphics (screen-readers detect and vocalize alt-text to provide a description of the image to a blind computer user). As a result, Plaintiff and blind Shopboem.com customers are unable to determine what is on the website, browse the website or investigate Boem's web pages and/or make purchases.

35. Shopboem.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen-readers to locate and accurately fill-out online forms. On a shopping site such as Shopboem.com, these forms include search fields to locate products, search fields used to select color, size, and quantity, and fields used to fill-out personal information, including address and credit card information. Due to lack of adequate labeling, Plaintiff and blind customers cannot make purchases or inquiries as to Defendant's products, nor can they enter their personal identification and financial information with confidence and security.

36. Specifically, when Plaintiff, using JAWS, attempted to make a purchase, she encountered the following problems:

- Plaintiff was unable to access the skip to content button and the search option. Consequently, accessing individual products was virtually impossible and at best, significantly time-consuming and burdensome.
- Plaintiff was unable to access the Shopping Cart symbol or the Search symbol. The shopping cart symbol is announced as "[number] link." Sighted persons know that the number represents the number of items in the cart, but Plaintiff and other blind visitors to the website have no idea what the announcement means.
- Plaintiff was unable to utilize the filter options to search for products. The Designer, Size, and Price filters on collection webpages are NOT accessible with the screen reader. As focus moves over these options, the screen reader announces, "[name of filter] heading level 4 button expanded, to activate press enter." Pressing enter does NOT expand the filter menu NOR does using the arrow or tab keys move focus through the filter menu.
- Plaintiff was unable to filter products using the *Looking For Something* filters. The Looking For Something filters on the left side of the collection webpages are NOT

9

accessible to screen reader users. The arrows used to expand a filter further for more refined selections are NOT accessible.

- Plaintiff was unable to select the color of any product. There are color options available which are presented as individual selectable buttons. However, these buttons are all announced as "color" so Plaintiff and other blind screen reader users would NOT know which color options are available to them. Consequently, Plaintiff and other blind screen reader users cannot select the color of any product.

- It is impossible to add an item to the shopping cart in this Website. When Plaintiff clicked on Add to Cart, she did not receive a verbal notification that the product was added to the shopping cart. In fact, there was no notification at all. Plaintiff and other screen reader users will assume that the Add to Cart button does not function and that items cannot be added to the shopping cart. Sighted visitors to the website can see a pop-up window appear from the right side of the screen when selecting Add to Cart. The pop-up window allows them to remove an item, change the quantity, and proceed to checkout. However, focus does not move into this pop-up window and consequently, Plaintiff and other blind customers are not aware of the pop-up window, cannot remove an item, cannot change the quantity, and cannot proceed to checkout. This is a critical error.

- To make matters worse, the Plus (+) and Minus (-) buttons on the cart pop-up are NOT accessible for screen reader users; they are only accessible for sighted mouse users. In addition, the Remove (X) button on the cart pop-up is announced as "times link," so the user would NOT know its purpose or destination.

- Plaintiff encountered additional and unique accessibility issues when attempting to purchase the Jane Bracelet. This item is a final sale, but that fact is NOT announced by the screen reader on the product page. Moreover, sighted visitors to the website will see that three of the four colors are sold out and only the green color option is available. However, for Plaintiff and other blind screen reader users, the available green color option is still announced as "sold out graphic." Attempts to select it result in the Notify Me When Available email input field appearing in place of the Add to Cart button. Consequently, the green color CANNOT be selected by blind screen reader users.

Consequently, Plaintiff and blind visitors to the website are unable to complete a transaction.

37. On Shopboem.com, blind customers are not aware if the desired products have been added to the Shopping cart because the screen-reader does not indicate the type of product or quantity. Therefore, blind customers are essentially prevented from purchasing any products on Shopboem.com.

10

38. Furthermore, Shopboem.com lacks accessible image maps. An image map is a function that combines multiple words and links into one single image. Visual details on this single image highlight different "hot spots" which, when clicked on, allow the user to jump to many different destinations within the website. For an image map to be accessible, it must contain alt-text for the various "hot spots." The image maps on Shopboem.com's menu page do not contain adequate alt-text and are therefore inaccessible to Plaintiff and the other blind individuals attempting to make a purchase. When Plaintiff tried to access the menu link in order to make a booking and purchase, she was unable to access it completely.

39. Moreover, the lack of navigation links on Defendant's website makes attempting to navigate through Shopboem.com even more time consuming and confusing for Plaintiff and blind consumers.

40. Shopboem.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Shopboem.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently navigate and/or make purchases and bookings on Shopboem.com.

41. Due to Shopboem.com's inaccessibility, Plaintiff and blind customers must in turn spend time, energy, and/or money to make their purchases at the Boem Shops. Some blind customers may require a driver to get to the Boem Shops or require assistance in navigating the Boem Shops. Unfortunately, Plaintiff could not even locate a Boem Shops location on the website. By contrast, if Shopboem.com was accessible, a blind person could independently

11

investigate products and programs and make purchases and/or reservations via the Internet as sighted individuals can and do. According to WCAG 2.0 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the website. Plaintiff must tab through every navigation bar option and footer on Defendant's website in an attempt to reach the desired service. Thus, Shopboem.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make purchases on Shopboem.com.

42. Shopboem.com thus contains access barriers which deny the full and equal access to Plaintiff, who would otherwise use Shopboem.com and who would otherwise be able to fully and equally enjoy the benefits and services of Boem in North Carolina and throughout the United States.

43. Plaintiff, Mary Conner, has made numerous attempts to make purchases on Shopboem.com, most recently on May 4, 2024, May 8, 2024, and May 10, 2024, but was unable to do so independently because of the many access barriers on Defendant's website. These access barriers have caused Shopboem.com to be inaccessible to, and not independently usable by, blind and visually-impaired persons. Amongst other access barriers experienced, Plaintiff was unable to make an online purchase of the Get Real Tee, the Raelynn Ankle Skirt, and the Jane Bracelet.

44. Moreover, if Defendant removes the access barriers that currently exist on the Website, Plaintiff will definitely visit the Website in the future to inquire about additional trendy clothing, shoes, accessories, and jewelry for delivery to her doorstep. Just because you are blind does not mean that you do not like to look good. With summer approaching, Plaintiff needed to upgrade her wardrobe with new summer fashions. As a relative newcomer to Charlotte, Plaintiff

12

wants to explore the local fashion scene and support the local businesses. Plaintiff searched online for Charlotte-based clothing stores that sell the latest fashion and came across Defendant's website. Plaintiff noticed that Defendant's products are well known for their attainability and for representing the latest in fashion trends. Defendant's website includes the latest trends from many popular brands so that Plaintiff and other blind screen reader users do not need to leave their homes to attain the latest fashions at reasonable prices. Plaintiff also liked that the items are sold at very affordable prices. If the website was accessible to the blind, Plaintiff will be able to visit Defendant's website and purchase clothing, accessories, shoes, and jewelry without the need to visit the physical location and avoid all the challenges that blind people face when venturing out. Defendant has bought similar items from other (accessible) online vendors in the past since she likes and needs to purchase clothing and related products. However, since Defendant's trendy products are superior to its competition and are sold at affordable prices, Plaintiff would continue to make purchases on Defendant's website if it was accessible. Plaintiff likes the availability of a wide selection of tops, pants, shoes, and accessories for all seasons of the year and that Defendant regularly updates its inventory as well as provide sale items. Plaintiff also thinks that Defendant's products would make for good gift ideas for friends and relatives. Consequently, Plaintiff would like to visit the website on a regular basis – each season – in the future, if the website was accessible. Unlike a brick-and-mortar facility, a website is instantly accessible at any moment, and, thus, an inability to make a purchase can only be attributed to access barriers (whereas for brick-and-mortal locations it can be attributed to proximity, travel time, etc.). *See Sanchez v. Nutco, Inc*., 10-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at *7 (S.D.N.Y. Mar. 22, 2022) (citing *Quezada v U.S. Wings, Inc*., 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7 2021)). Determining whether an ADA website accessibility complaint properly allege whether plaintiff lives in "close proximity" to a specific

13

location makes no sense when goods can be browsed, bought, and delivered to Plaintiff's home through a website. Likewise, factual considerations of an intent to return regarding a physical location, such as how often the plaintiff walks by the location, or how often they enter the facility, are not applicable. *Cf. Lopez v. Arby Franchisor, LLC*, 19-CV-10074 (VSB) 2021 U.S. Dist. LEXIS 43838. at *10 (S.D.N.Y. March 8, 2021). Plaintiff made numerous attempts to make purchases on the website during March, April, and May without success and will definitely make purchases of items such as clothing, jewelry, and accessories which are sold on the website and which currently cannot be purchased by blind persons.

45. As described above, Plaintiff has actual knowledge of the fact that Defendant's website, Shopboem.com, contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually-impaired persons.

46. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Shopboem.com and the Boem Shops.

47. Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a) constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

48. Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

14

49. Because of Defendant's denial of full and equal access to, and enjoyment of, the goods, benefits and services of Shopboem.com and the Boem Shops, Plaintiff and the class have suffered an injury-in-fact which is concrete and particularized and actual and is a direct result of defendant's conduct.

## CLASS ACTION ALLEGATIONS

50. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Shopboem.com and as a result have been denied access to the enjoyment of goods and services offered by Boem, during the relevant statutory period."

51. Plaintiff seeks certification of the following North Carolina subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in the State of North Carolina who have attempted to access Shopboem.com and as a result have been denied access to the enjoyment of goods and services offered by Boem, during the relevant statutory period."

52. There are thousands of visually-impaired persons in North Carolina. There are approximately 8.1 million people in the United States who are visually-impaired. *Id*. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

53. This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Shopboem.com and Boem. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and

Shops on Shopboem.com and by extension the goods and services offered through Defendant's website to Boem.

54. There are common questions of law and fact common to the class, including without limitation, the following:

(a) Whether Shopboem.com is a "public accommodation" under the ADA;

(b) Whether Shopboem.com is a "place or provider of public accommodation" under the laws of North Carolina;

(c) Whether Defendant, through its website, Shopboem.com, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

(d) Whether Defendant, through its website, Shopboem.com, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the law of North Carolina.

55. The claims of the named Plaintiff are typical of those of the class. The class, similar to the Plaintiff, is severely visually-impaired or otherwise blind, and claims Boem has violated the ADA, and/or the laws of North Carolina by failing to update or remove access barriers on their website, Shopboem.com, so it can be independently accessible to the class of people who are legally blind.

56. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to

16

the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

57. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

58. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

59. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FIRST CAUSE OF ACTION
(Violation of 42 U.S.C. §§ 12181 *et seq.* – Title III of the Americans with Disabilities Act)

60. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 of this Complaint as though set forth at length herein.

61. Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability."  42 U.S.C. § 12181(b)(2)(D)(I).

17

62. The Boem Shops located in North Carolina is a sales establishment and public accommodation within the definition of 42 U.S.C. §§ 12181(7)(H). Shopboem.com is a service, privilege or advantage of Boem. Shopboem.com is a service that is by and integrated with the Boem Shops.

63. Defendant is subject to Title III of the ADA because it owns and operates the Boem Shops.

64. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

65. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

66. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

67. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with disability is excluded, denied services, segregated

18

or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

68. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired. These guidelines have been followed by other business entities in making their websites accessible, including but not limited to ensuring adequate prompting and accessible alt-text. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

69. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, and the regulations promulgated thereunder. Patrons of Boem who are blind have been denied full and equal access to Shopboem.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

70. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

71. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Shopboem.com and Boem in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

19

72. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

73. The actions of Defendant were and are in violation of the ADA, and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

74. Plaintiff is also entitled to reasonable attorneys' fees and costs.

75. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

<u>**SECOND CAUSE OF ACTION**</u>
(Declaratory Relief)

76. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 75 of this Complaint as though set forth at length herein.

77. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Shopboem.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Shopboem.com and by extension Boem, which Boem owns, operates and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the American with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, prohibiting discrimination against the blind.

78. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

20

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Shopboem.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Shopboem.com is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, Shopboem.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under Federal and State laws;

f) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

g) For pre- and post-judgment interest to the extent permitted by law; and

h) For such other and further relief which this court deems just and proper.

This is the 29th day of May, 2024

LAW OFFICES OF SANJAY R. GOHIL, PLLC

By:_____/s/ Sanjay R. Gohil_____
               Sanjay R. Gohil
               NC State Bar No. 24250
               2435 Plantation Center Drive, Suite 200
               Matthews, NC 28105
               Telephone: (704) 814-0729
               Facsimile: (704) 814-0730
               E-mail: srg@gohillaw.com

               Counsel for Plaintiff

-    And -

Of Counsel:

SHAKED LAW GROUP, P.C.

By:*/s/Dan Shaked*_____

Dan Shaked, Esq.
14 Harwood Court, Suite 415
Scarsdale, NY 10583
Tel. (917) 373-9128
e-mail: ShakedLawGroup@Gmail.com