IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MARY CONNER, individually and as the representative of a class of similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | ) CASE NO. 24-CV-00521<br>)<br>) |
| v. | )<br>) |
| BOEM, INC., | )<br>) |
| Defendant. | ) |

**SECOND MOTION FOR ENTRY OF CONSENT JUDGMENT**

NOW COMES Defendant, by and through its undersigned counsel of record, and address the parties' settlement and present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

1. Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York State Civil Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which has been fashioned as a reasonable resolution of the plaintiff's claims. The Consent Decree, as fully executed by the parties, is attached hereto as Exhibit A. Additionally, a proposed order for entry of the Consent Decree is being submitted concurrently herewith.

2. The Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the

pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin,* 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525 (1986)); *accord, Crosson v. Popsockets LLC,* No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.,* No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017). S*ee also, Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (DE 16) (applying the above standard in a similar ADA action to approve a consent decree in an action between private parties).

3. Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my law firm and other attorneys defending these matters around the country.

4. Counsel for Defendant has resolved many other ADA website class actions in other districts in which similar consent decrees have been so-ordered including: *Figueroa v. Magnolia Bakery Online LLC*, SDNY, 18-cv-9892 (PAE)(BCM), April 4, 2019 (DE 19); *Mendez v. Midway A.L. LLC*, SDNY, 18-cv-04946 (DCF), May 2, 2019 (DE 33); *Foley v. Makita U.S.A., Inc.,* WDNY, 19-cv-01460 (CCR), February 12, 2020 (DE 11); *Sanchez v. Royal Cup Inc.*, 21-cv-02353 (VSB), SDNY, May 6, 2021 (DE 10); *Jaquez v. 10 Lenox Development Ventures LLC*, 20-cv-07407(RWL), SDNY, May 10, 2021 (DE 31); *Sanchez v. USGB LLC*, 21-cv-02294 (GBD), SDNY June 10, 2021 (DE 12); *Kiler v. The Farm Project, PBC*, 21-cv-01747 (WFK), EDNY, June 28, 2021 (DE 8); *Crosson v. Perez Hilton Management, Inc. et al*, 21-cv-03642 (AMD)(RML),

EDNY, December 1, 2021 (DE 13); *Hanyzkiewicz v. Jewelry Supply, Inc.*, 22-cv-00316 (DG)(CLP), EDNY, June 13, 2022 (DE 13); *Iskhakova v. Korean Air Lines Co., Ltd.*, 22-cv-00611 (RPK), EDNY, August 21, 2022 (DE 16); *Dawkins v. Golden Krust Caribbean Bakery, Inc.*, 22-cv-01223 (EK), EDNY, November 15, 2022 (DE 22); *Hussein v. Artist Frame Service, Inc.,* 23-cv-03478, ND ILL, October 16, 2023 (DE 21); and *Thorne v. University of Evansville*, 23-cv-00816 (LGS), SDNY, June 13, 2023 (DE 21).

WHEREFORE, based on the foregoing, we respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above.

Respectfully submitted this 11th day of February, 2025.

s/ Philip A. Hinson
North Carolina Bar No. 42907
Lewis Brisbois Bisgaard & Smith
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28202
Telephone: 704.557.9929
E-Mail: philip.hinson@lewisbrisbois.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "SECOND MOTION FOR ENTRY OF CONSENT JUDGMENT" in the above-captioned proceeding was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

Sanjay R. Gohil
2435 Plantation Center Drive, Suite 200
Matthews, NC 28105
E-mail: srg@gohillaw.com

Dan Shaked
14 Harwood Court, Suite 415
Scarsdale, NY 10583
E-mail: ShakedLawGroup@gmail.com

This 11th day of February, 2025.

                                                              s/ Philip A. Hinson